# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**NANCY WILLMON WOLFF**,

   Plaintiff,

vs.           No. **CIV 04-1395 MCA/WDS**

**NANA REGIONAL CORPORATION, INC.,
NANA/COLT'S SHORT-AND LONG-TERM
DISABILITY PLANS**, and
**UNUM PROVIDENT**, a/k/a **UNUM LIFE
INSURANCE COMPANY OF AMERICA**,

   Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the *Motion to Dismiss for Lack of Personal Jurisdiction* [Doc. No. 6] and the *Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted* [Doc. No. 8] filed by Defendants NANA Regional Corporation and NANA/Colt's Short-Term and Long-Term Disability Plans (collectively "NANA Defendants") on February 22, 2005. Having reviewed the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court finds that: (1) Plaintiff has not filed a response to the NANA Defendants' motions, (2) the time for doing so has expired, (3) the NANA Defendants have shown good cause for dismissing Plaintiff's claims against them without prejudice for lack of personal jurisdiction, and (4) in light of this showing, it is unnecessary for this Court to decide whether Plaintiff's *Complaint* states a claim against the NANA Defendants upon which relief can be granted. Therefore, the

NANA Defendants' *Motion to Dismiss for Lack of Personal Jurisdiction* [Doc. No. 6] is granted, and their *Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted* [Doc. No. 8] is denied as moot.

## I.    **BACKGROUND**

The facts relevant to Defendant NANA's motion to dismiss for lack of jurisdiction can be summarized as follows.  Defendant NANA Regional Corporation, Inc. (NRC) is a for-profit corporation organized under the laws of Alaska that purchased long-term and short-term disability insurance policies for its employees and those of certain subsidiaries, all of whom are located in Alaska, from Defendant UNUM Provident, a/k/a UNUM Provident Life Insurance Company of America (UNUM).  NANA Development Corporation (NDC) is a wholly owned subsidiary of NRC that owns fifty percent of NANA/Colt Engineering, Inc. (NANA/Colt).  Plaintiff is a former employee of NANA/Colt who alleges that she is entitled to disability insurance benefits under the policies that NRC purchased from UNUM.  [Blair Aff. ¶¶ 2, 3, 5, 8; Compl. ¶ 38.]

While Plaintiff's *Complaint* alleges that she currently resides in Albuquerque, New Mexico, the offices of NRC and NANA/Colt are located in Alaska, and all wages paid to Plaintiff were earned while Plaintiff was working at NANA/Colt's office in Anchorage, Alaska.  Neither NRC, nor NRC's disability-insurance plans, nor any of the subsidiary entities covered by these plans do business in New Mexico; own, lease, possess, or maintain real or personal property in New Mexico; have offices, phone service, bank accounts,

mailing addresses, employees, salespersons, or agents (registered or otherwise) in New Mexico.  [Compl. ¶ 1; Blair Aff. ¶¶ 4, 5, 6, 7, 8.]

## II.   <u>ANALYSIS</u>

When, as here, a Court rules on a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) without conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion."  <u>OMI Holdings, Inc. v. Royal Ins. Co.</u>, 149 F.3d 1086, 1091 (10th Cir. 1998).  Under this standard, Plaintiff bears the burden of "demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over" the NANA Defendants.  <u>Id.</u>  "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"  <u>Id.</u> (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 477 (1985)).

To comport with due process, a court's exercise of personal jurisdiction over a nonresident defendant is proper only "if minimum contacts exist between the defendant and the forum state such that maintenance of the lawsuit would not offend 'traditional notions of fair play and substantial justice.'"  <u>Doering v. Copper Mountain, Inc.</u>, 259 F.3d 1202, 1210 (10th Cir.2001) (quoting <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 291-92 (1980)).  The minimum contacts required to meet this standard may be general or specific.  A court may exercise general jurisdiction if the defendant's contacts with the forum state are "continuous and systematic," as when a defendant routinely solicits or holds itself out as doing business in the forum state through a local office, agents, and advertisements.

See id.   "[A] court may exercise specific jurisdiction over a defendant if it purposefully directs activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities."   Id.

In this case, Plaintiff has failed to file a response to the NANA Defendants' motion, and there is no other evidence in the record from which to make a *prima facie* showing of personal jurisdiction.  The record is wholly insufficient to show the type of continuous and systematic contacts with the State of New Mexico that would warrant an exercise of general jurisdiction over the NANA Defendants by this Court.  The Court concludes that Plaintiff also has failed to make a *prima facie* showing that the requirements for an exercise of specific jurisdiction have been satisfied.

Specific jurisdiction contains two requirements.  See OMI Holdings, Inc., 149 F.3d at 1091.  First, a plaintiff must show that "the defendant purposefully directed its activities at residents of the forum," Doering, 149 F.3d at 1091, such that the defendant "should reasonably anticipate being haled into court there," World-Wide Volkswagen Corp., 444 U.S. at 297.  In this context, a purposeful availment of the forum state does not simply mean that a defendant intentionally contacted a person who happened to be residing in New Mexico.  Rather, the focus is on whether the transaction at issue amounts to a purposeful decision by Defendants "to participate in the local economy and to avail themselves of the benefits and protections of New Mexico law."  FDIC v. Hiatt, 117 N.M. 461, 464, 872 P.2d 879, 882 (1994).

The second requirement for specific jurisdiction is that the forum state's exercise of personal jurisdiction over the defendant must be fair and reasonable "in light of the circumstances surrounding the case." OMI Holdings, Inc., 149 F.3d at 1091. Determining whether this requirement is satisfied entails consideration of several factors, including the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. See Burger King Corp., 471 U.S. at 477.

The two requirements for specific jurisdiction described above are interrelated, such that "'the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction.'" OMI Holdings, Inc., 149 F.3d at 1092 (quoting Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 210 (1st Cir. 1994)). Conversely, "an especially strong showing of reasonableness may serve to fortify a borderline showing of" minimum contacts. Alioto, 26 F.3d at 210.

In this case, Plaintiff has not made the requisite showing of minimum contacts with the NANA Defendants. There is no evidence that the NANA Defendants purposefully sought to avail themselves of the benefits or protections of New Mexico law with respect to the disability-insurance policy under which Plaintiff now claims benefits. Cf. Hiatt, 117 N.M. at 464, 872 P.2d at 464 (attributing significance to the fact that the parties' agreement did not include a "choice of law provision favoring New Mexico law"). Rather, the evidence

indicates that it was merely fortuitous that Plaintiff happened to be move to New Mexico after completing her work for NANA/Colt in Alaska and during the pendency of her claim for disability-insurance benefits.  Cf. Burger King Corp., 471 U.S. at 475 (noting that random, fortuitous, or attenuated contacts are not sufficient to justify an exercise of jurisdiction in this context).  Under these circumstances, the Court's analysis of minimum contacts cannot rest solely on Plaintiff's own actions in moving to New Mexico.  See id. at 478 (noting that an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts); OMI Holdings, Inc., 149 F.3d at 1092 (noting that the "minimum contacts" necessary to establish personal jurisdiction over a non-resident defendant do not include "the unilateral acts of someone other than the defendant").

Having concluded that Plaintiff's showing of minimum contacts is very weak, if not non-existent, the NANA Defendants are not required to make an especially strong showing of unreasonableness in order to defeat this Court's jurisdiction over them.  See OMI Holdings, Inc., 149 F.3d at 1092.  With regard to the reasonableness inquiry, the Court notes that Plaintiff has not identified a strong interest of the forum state in adjudicating her dispute with these Defendants, nor does she identify any fundamental substantive social policy that would be advanced by litigating her claims against these Defendants in New Mexico, or that would be thwarted by litigating such claims elsewhere.  The practical burdens and inconveniences of litigating out of state appear to be nearly equal among the parties, and retention of the case on this Court's docket does not appear necessary to bring about an efficient resolution of the controversy.  Cf. Burger King Corp., 477 U.S. at 477 (listing

factors to be considered in assessing the reasonableness and fairness of a forum state's exercise of personal jurisdiction over a non-resident defendant).  Thus, Plaintiff has not made a sufficiently strong showing as to the reasonableness of this Court's exercise of jurisdiction over the NANA Defendants to overcome her exceedingly weak showing as to minimum contacts.  It follows that the constitutional prerequisites for this Court's exercise of personal jurisdiction over the NANA Defendants have not been satisfied in this case.

I next determine what measures are required to remedy this jurisdictional defect.  Generally, a court's determination that it lacks personal jurisdiction over a defendant will result in a dismissal without prejudice.  See Fed. R. Civ. P. 41(b); Hollander v. Sandoz Pharm. Corp., 289 F.3d 1193, 1216 (10th Cir. 2002).  In the alternative, however, "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action 'if the transfer is in the interest of justice.'"  Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000) (quoting 28 U.S.C. § 1631); see generally 2 James Wm. Moore, Moore's Federal Practice § 12.31[8] (3d ed. 2003).

I conclude that such a transfer would not be in the interests of justice because the central claims in Plaintiff's *Complaint* are asserted against Defendant UNUM, not the NANA Defendants, and there has been no showing that the District of New Mexico is an improper forum for Plaintiff's claims against Defendant UNUM.  In addition, I note that the NANA Defendants have filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), to which Plaintiff has not filed a timely response.  If this action were transferred

to the District of Alaska, it is likely that an Alaska court would grant this motion, resulting in the dismissal of the NANA Defendants and an inconvenient forum for the remaining parties, none of which are located in Alaska.

Accordingly, I conclude that the appropriate remedy for this Court's lack of personal jurisdiction over the NANA Defendants is to dismiss Plaintiff's claims against them without prejudice.  Because all of Plaintiff's claims against the NANA Defendants are dismissed without prejudice for lack of personal jurisdiction, it is unnecessary to address their alternative argument the Plaintiff has failed to state a claim against them.  Therefore, the NANA Defendants' motion to dismiss on these alternative grounds is denied as moot.

III.   **CONCLUSION**

For the foregoing reasons, the Court grants the NANA Defendants' motion to dismiss Plaintiff's claims against them without prejudice for lack of personal jurisdiction, and the NANA Defendant's alternative motion to dismiss Plaintiff's claims against them for failure to state a claim under Fed. R. Civ. P.12(b)(6) is denied as moot.

**IT IS, THEREFORE, ORDERED** that the *Motion to Dismiss for Lack of Personal Jurisdiction* [Doc. No. 6] is **GRANTED** and all of Plaintiff's claims against Defendants NANA Regional Corporation and NANA/Colt's Short-Term and Long-Term Disability Plans are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that the *Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted* [Doc. No. 8] filed by Defendants NANA

Regional Corporation and NANA/Colt's Short-Term and Long-Term Disability Plans is

**DENIED AS MOOT**.

    **SO ORDERED**, this 4th day of May, 2005, in Albuquerque, New Mexico.


                              **M. CHRISTINA ARMIJO**
                              United States District Judge